# United States Court of Appeals for the Federal Circuit

04-3459

JEFFREY C. FOLIO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Jeffrey C. Folio, of Denver, Colorado, pro se.

John S. Groat, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, and David M. Cohen, Director. Of counsel was Donald E. Kinner. Of counsel on the brief were Steven E. Abow and Risa B. Cherry, Attorneys, Office of the General Counsel, United States Office of Personnel Management. Of counsel was Justin Mason.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3459

JEFFREY C. FOLIO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  April 5, 2005

_____

Before MAYER, LOURIE, and BRYSON, <u>Circuit Judges</u>.

LOURIE, <u>Circuit Judge</u>.

## DECISION

Jeffrey C. Folio petitions for review of the decision of the Merit Systems Protection Board affirming a decision of the Immigration and Naturalization Service ("INS"), now a part of the Department of Homeland Security, that he was not suitable for employment as an Immigration Inspector.  <u>Folio v. Dep't of Homeland Security</u>, No. DE-0731-03-0260-I-2 (M.S.P.B. June 15, 2004) ("<u>Decision</u>").  Because the Board erred in certain aspects of its decision, we vacate and remand.

BACKGROUND

In August 2001, Mr. Folio applied for a position as an Immigration Inspector for the INS.  Shortly thereafter, INS informed Folio that its background check revealed that he had not disclosed several traffic violations between 1995 and 1998, including driving without proof of insurance, and a 1996 bench warrant that had been issued for his failure to appear for an arraignment in a Colorado state court.  Decision, slip op. at 3-4.  INS invited Folio to respond to those allegations.  Despite Folio's explanations, INS determined that he was not suitable for employment as an Immigration Inspector, and in March 2003, it withdrew its tentative letter of employment, rated his application as ineligible, and barred him from competing for entry-level immigration officer positions for one year.  Id., slip op. at 4-5.

Folio appealed to the Board, arguing that the traffic offenses and the failure to appear at the state court should not be considered criminal or dishonest conduct in INS's employment decision.  Additionally, Folio claimed that his prior conduct should not reasonably be expected to interfere with his service as an Immigration Inspector.

In reviewing Folio's appeal, the Administrative Judge ("AJ") to whom the case was assigned looked to 5 C.F.R. § 731.202(b).  That regulation enumerates specific factors, including criminal or dishonest conduct, to be considered in an agency's suitability determination.  The AJ considered the alleged traffic violations and analyzed whether they were characterized as criminal or civil offenses under Colorado law.  She found that regarding three of the citations, Folio had pled guilty only to civil infractions, as Colorado had decriminalized certain minor traffic infractions.  However, she decided that Colorado law characterized "driving without proof of insurance" and "failure to

04-3459                                    2

appear in court" as criminal offenses, and thus that those charges were appropriately considered in INS's suitability decision.

The AJ stopped short of reviewing the connection between Folio's alleged misconduct and his suitability to be an Immigration Inspector because she interpreted the Office of Personnel Management's ("OPM's") recently-revised regulation, 5 C.F.R. § 731.501, as precluding the Board from reconsidering INS's negative suitability determination. Specifically, she stated that "[t]he revised regulations do away with decades of Board law . . . on the review of the OPM and agency's procedures and the application of proper nexus between any sustained misconduct and the efficiency of the service." Decision, slip op. at 7. She stated that "if the Board upholds and applies the new regulation at 5 C.F.R. § 731.501 as limiting its review to whether the agency has sustained the charge(s) only, the Board can never reach the issue of nexus." Id., slip op. at 8. The AJ nevertheless concluded that INS had shown sufficient evidence to uphold its sole charge of unsuitability—e.g., criminal or dishonest conduct—and she affirmed the agency's decision. Id., slip op. at 13.

Folio did not appeal to the full Board, and the AJ's decision became the Board's final decision. See Wood v. Merit Sys. Prot. Bd., 938 F.2d 1280 (Fed. Cir. 1991); 5 C.F.R. § 1201.113. Folio timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Folio argues that the AJ misinterpreted 5 C.F.R. § 731.501 as limiting the Board's jurisdiction and precluding its review of agency suitability determinations. Folio also contends that the AJ's interpretation of § 731.501 would prevent him from receiving a full and meaningful "judicial review" unless the Board can review the suitability decision itself, not simply the underlying factors supporting that decision. The government—represented by the Department of Justice and OPM—responds that the Board's decision concerning the soundness of the charge was correct; however, it agrees with Folio that the AJ misinterpreted § 731.501 and asserts that she erred by not performing a full suitability analysis. Thus, both parties request remand to enable the Board to conduct a review of INS's suitability decision based on an interpretation of § 731.501 that gives the Board authority to review that full suitability determination.

The issue before us is the scope of the Board's review of an agency's suitability decision. The narrower issue as to whether the Board correctly upheld the sole charge is not contested on appeal. As to the broader issue, we are persuaded that the Board's review of a suitability decision includes an evaluation of all of the criteria set forth in § 731.202, but not the ultimate action taken by the agency. We therefore agree with the parties on this point, and we accordingly vacate the decision of the Board and remand for it to consider all of the factors and considerations bearing on suitability set forth in § 731.202.

The jurisdiction of the Board is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. See Fernandez v. Dep't of Army, 234 F.3d 553, 555 (Fed. Cir. 2000). Section 731.501 of Title 5 of the Code of Federal Regulations pertains to appeals of agency suitability determinations to the Board and sets out that jurisdiction. It provides as follows:

> An individual who has been found unsuitable for employment may appeal the determination to the Merit Systems Protection Board. If the Board finds that one or more charges are supported by a preponderance of the evidence, it shall affirm the determination. If the Board sustains fewer than all the charges, the Board shall remand the case to OPM or the agency to determine whether the action taken is still appropriate based on the sustained charge(s). This determination of whether the action taken is appropriate shall be final without any further appeal to the Board.

5 C.F.R. § 731.501 (2004).

As indicated, the AJ found that this regulation precludes the Board from reviewing the "nexus" between any misconduct and the efficiency of the service. She believed that the Board could not reach the ultimate issue of unsuitability, including the nexus between the charge and the efficiency of the service. By nexus, it appears that the AJ was referring to the relationship between the "specific factors" set forth in § 731.202(b) and the "additional considerations" set forth in § 731.202(c). We conclude that both those factors and considerations are reviewable by the Board and that such review is within the constraints of § 731.501.

That section provides for an appeal of an unsuitability determination. Under § 731.202, such a determination is to be based on the specific factors and additional considerations listed in paragraphs (b) and (c) of that section. Section 731.202 reads as follows:

04-3459                               5

(a) General. In determining whether its action will protect the integrity or promote the efficiency of the service, OPM, or an agency to which OPM has delegated authority, shall make its determination on the basis of the specific factors in paragraph (b) of this section, with appropriate consideration given to the additional considerations outlined in paragraph (c) of this section.

(b) Specific factors. When making a determination under paragraph (a) of this section, the following may be considered a basis for finding an individual unsuitable:
   (1) Misconduct or negligence in employment;
   (2) Criminal or dishonest conduct;
   (3) Material, intentional false statement or deception or fraud in examination or appointment;
   (4) Refusal to furnish testimony as required by § 5.4 of this title;
   (5) Alcohol abuse of a nature and duration which suggests that the applicant or appointee would be prevented from performing the duties of the position in question, or would constitute a direct threat to the property or safety of others;
   (6) Illegal use of narcotics, drugs, or other controlled substances, without evidence of substantial rehabilitation;
   (7) Knowing and willful engagement in acts or activities designed to overthrow the U.S. Government by force;
   (8) Any statutory or regulatory bar which prevents the lawful employment of the person involved in the position in question.

(c) Additional considerations. In making a determination under paragraphs (a) and (b) of this section, OPM and agencies shall consider the following additional considerations to the extent they deem them pertinent to the individual case:
   (1) The nature of the position for which the person is applying or in which the person is employed;
   (2) The nature and seriousness of the conduct;
   (3) The circumstances surrounding the conduct;
   (4) The recency of the conduct;
   (5) The age of the person involved at the time of the conduct;
   (6) Contributing societal conditions; and
   (7) The absence or presence of rehabilitation or efforts toward rehabilitation.

5 C.F.R. § 731.202 (2004).

Section 731.501 further provides that an "action"[*] based on the determination shall be final without any further appeal to the Board. That preclusion, however, does not prevent the Board from considering the additional considerations that constitute the "nexus" between the specific factors of paragraph (b) and the additional considerations of paragraph (c). Section 731.202(a) expressly states that those specific factors and the additional considerations form the basis of the general determination whether the action will protect the integrity or promote the efficiency of the service. They are all reviewable by the Board.

Section 731.501 directs that if "one or more charges" are supported by a preponderance of the evidence, the Board shall affirm the agency's determination of unsuitability. That regulation also provides that if the Board sustains "fewer than all the charges" of unsuitability, the Board shall remand the case for the agency to decide whether the "action" taken is still appropriate. These provisions merely indicate that support for any charge is sufficient to justify an affirmance of a determination of unsuitability, but that, if one or more charges is not sustained, a remand is necessary for review of the suitability of any action taken. They do not bear on the question whether the Board may go beyond review of specific charges.

OPM's statements in response to public comments made in light of changes to its rule on personnel suitability support our interpretation of the regulation that the

---

[*] The term "action" is defined by the regulations as "one or more of the following: (1) Cancellation of eligibility; (2) Denial of appointment; (3) Removal; (4) Cancellation of reinstatement eligibility; [and] (5) Debarment." 5 C.F.R. § 731.203(a) (2004).

Board may consider all aspects of a suitability determination, except the actions taken pursuant to it. In that response, OPM stated that:

> The new regulation seeks to demarcate the differences between suitability actions and adverse actions so that no one will confuse them in the future. Specifically, the regulation is designed to clarify that the Board's role in reviewing OPM or agency unsuitability decisions always has been a limited one. <u>The Board may determine only whether a charge of unsuitability is sustained by a preponderance of the evidence in accordance with the substantive standard set forth in section 731.202.</u>

65 Fed. Reg. 82239, 82243 (Dec. 28, 2000) (emphasis added). OPM's reference to § 731.202 indicates that the Board has a broader scope of review in suitability determinations than merely reviewing the facts underlying the charges. The regulation's reference to the Board's "limited" role relates only to its preclusion from reviewing any actions taken.

Finally, it is important to note that the regulation at issue was promulgated by OPM and that Congress granted OPM the authority to define the scope of the Board's authority. The jurisdictional statute for the Board provides that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule or <u>regulation</u>." 5 U.S.C. § 7701(a) (2000) (emphasis added). Section 731.501 is such a regulation.

We typically afford deference to OPM's interpretation of its own regulation, unless plainly erroneous or inconsistent with the regulation. See <u>Bowles v. Seminole Rock & Sand Co.</u>, 325 U.S. 410, 414 (1945); <u>James v. Office of Pers. Mgmt.</u>, 372 F.3d 1365, 1369 (Fed. Cir. 2004). Here, OPM, joining in the brief before this court, has asserted that the Board's jurisdiction to review OPM's determination is broader than the Board claims. An agency seeking broader review by its reviewing entity is indeed

entitled to special deference, especially when supported by a regulation. OPM's interpretation is also consistent with its own December 2000 commentary accompanying the promulgation of the new regulations and is in no way erroneous or inconsistent with the regulations. Even if OPM's interpretation had been expressed only in its brief in the instant case, it would nonetheless be entitled to some deference. See Auer v. Robbins, 519 U.S. 452, 461-62 (1997). We give it deference here.

CONCLUSION

Accordingly, we defer to OPM's interpretation of the regulation in question and vacate the Board's decision that its jurisdiction in unsuitability cases is limited to a review of the factual underpinnings of the allegations on which the unsuitability charges are based. We hold that § 731.501 provides the Board with jurisdiction to review all aspects of an unsuitability determination, including whether the charged conduct renders an individual unsuitable for the position in question. The Board is precluded only from reviewing or modifying the ultimate action taken, which is left to OPM or the appropriately delegated agency. Here, specifically, the AJ may consider on remand all aspects under § 731.202 of Folio's ability to perform as an Immigration Inspector in order to decide whether he is in fact unsuitable for that job. We thus vacate the Board's decision and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED