NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3246

KER LEE,

Petitioner,

and

TOU THOR,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED:  October 11, 2006

_____

Before LOURIE, SCHALL, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Ker Lee and Tou Thor ("petitioners") petition for review of the final decision of the

Merit Systems Protection Board ("Board") that affirmed the decision of the United States

Department of Agriculture ("agency") to withdraw federal service credit from both Mr. Lee and Mr. Thor, which action resulted in a loss of pay and grade for Mr. Thor. Lee and Thor v. Dep't of Agriculture, Nos. SF0752040658-I-4, SF0752040661-I-4 (M.S.P.B. Feb. 10, 2006). We affirm.

DISCUSSION

I.

On February 15, 1998, petitioners received Excepted Service Appointments with the Forest Service, a component of the agency. The appointments were pursuant to the provisions of 5 C.F.R. § 213.3202(b). It was a condition of the appointments that petitioners be students in an accredited degree-producing educational institution. 5 C.F.R. § 213.3202(b)(1)(i). Petitioners qualified as students because they were enrolled in the Forest Service's Apprentice Academy.

On February 1, 1999, petitioners were dismissed from the Apprentice Academy because they had failed a certain test twice. As a result of those dismissals, both Mr. Lee's and Mr. Thor's appointments should have been terminated because petitioners no longer met the regulatory requirement of being enrolled in an accredited degree-producing educational institution. Nevertheless, in April of 2000, the management of the Mendocino National Forest agreed to retain petitioners on agency rolls and to put together its own course of training. Management believed that the course would duplicate the academic requirements of the Apprentice Academy. Management also agreed to convert petitioners from Student Trainee Forestry Technicians to GS-04 Forestry Technicians, a career-conditional position. This action was taken on April 23, 2000. In due course, however, it was determined that these appointments were illegal

because petitioners had not met the requirements of 5 C.F.R. § 213.3202(b)(11)(A). That provision requires that, in order to be converted to career-conditional status, a person must have completed the course requirements at an accredited school conferring a degree, certificate, or diploma within the previous 120 days. To address the situation, the agency appointed Mr. Thor and Mr. Lee to GS-05 competitive appointments, effective May 6, 2001, and June 3, 2001 respectively. This meant that the agency was not required to terminate petitioners from their positions.

Eventually, however, the Office of Personnel Management ("OPM") directed the agency to revoke all of petitioners' service credit between the dates of their termination from the Apprentice Academy and the dates of their valid competitive appointments. It did so after determining that petitioners were not entitled to a waiver of the requirements of section 213.3202(b)(11)(A). Accordingly, after OPM declined to modify its determination, by letter dated June 10, 2004, the agency advised petitioners that it would withdraw service credit for the pertinent periods. As a result, petitioners' Service Computation Dates for Leave, Fire Fighter and Regular Retirement, Thrift Savings Plan and Reduction in Force purposes were changed to more recent dates. This change had the effect of reducing Mr. Thor's rate of pay from that of GS-07, step 2 to GS-07, step 1.

Petitioners timely appealed to the Board, where their appeals were consolidated. In an initial decision dated February 10, 2006, the administrative judge to whom the appeals were assigned sustained the agency's action. The administrative judge's initial decision became the final decision of the Board pursuant to 5 C.F.R. § 1201.113 when petitioners chose not to petition the Board for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Keley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, petitioners argue that the Board failed to "take into account [the] Agency's admission of culpability." What we understand Mr. Lee and Mr. Thor to be contending is that because the agency made the initial errors of dismissing them from the Apprentice Academy and then illegally circumventing the requirements of 5 C.F.R. § 213.3202(b), it was improper for the agency to then reduce their service credit. The contention is without merit. First, petitioners did not at the time challenge their dismissal from the Academy and have not established in this proceeding that the dismissal was erroneous. Second, the undeniable fact is that, in their present circumstances, petitioners are no worse off than they would have been had the agency not acted illegally in circumventing the regulation. Put another way, OPM's determination and the subsequent agency action have not deprived petitioners of anything to which they were entitled.

Moreover, we see no error in the decision of the Board not to disturb OPM's failure to grant petitioners waivers from the requirements of 5 C.F.R. § 213.3202(b)(11)(A). We "typically afford deference to OPM's interpretation of its own regulation, unless plainly erroneous or inconsistent with the regulation." Folio v. Dep't of

Homeland Security, 402 F.3d 1350, 1355 (Fed. Cir. 2005). OPM determined that allowing service credit for a period of service obtained in violation of section 213.3202(b)(11)(A) would not be "in the spirit" of the regulation. In view of the clear illegality of petitioners' appointments to their GS-04 Forestry Technician positions, we are not prepared to say that OPM's decision was "plainly erroneous."

For the foregoing reasons, the final decision of the Board is affirmed.