# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES R. LANE, | DOCKET NUMBER |
| Appellant, | DA-0731-13-0504-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: January 16, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles R. Lane, Texarkana, Texas, pro se.

Joyce B. Harris-Tounkara, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which remanded his appeal for the Office of Personnel Management (OPM) to make a new suitability determination based on the sole sustained charge. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision with respect to the issue of nexus. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2 On July 7, 2012, the Defense Logistics Agency (DLA) appointed the appellant to the position of WG-05 Distribution Process Worker. Initial Appeal File (IAF), Tab 10, Subtab 2X at 1. This was a competitive service appointment subject to a 1-year probationary period. *Id.*

¶3 On June 14, 2013, OPM took the following suitability actions: (1) instructed the DLA to separate the appellant from service; (2) cancelled any eligibilities; (3) cancelled any reinstatement eligibilities; and (4) debarred him for a period of 3 years. IAF, Tab 10, Subtab 2C at 1. OPM based its actions on two charges. The first was "[c]riminal or dishonest conduct," referring to nine criminal convictions that the appellant incurred between 1994 and 2012, and one 2006 criminal charge dismissed pursuant to the appellant's participation in a pretrial diversion program.[2] *Id.* at 5-8; IAF, Tab 10, Subtab 2N at 1. The second was "[m]aterial, intentional false statement, or deception or fraud in examination

---

[2] These charges were primarily related to domestic violence. IAF, Tab 10, Subtab 2C at 5-8.

or appointment." IAF, Tab 10, Subtab 2N at 1. This charge was based on the appellant's failure to disclose his convictions from 2002, forward on two 2012 Optional Form (OF) 306 Declarations for Federal Employment in response to the question of whether he had been convicted, imprisoned, on probation, or on parole within the past 10 years.[3] IAF, Tab 10, Subtab 2C at 8-12, Subtab 2N at 1, Subtab 2Y at 1-2, Subtab 2Z at 1. On the first OF 306, the appellant gave a negative response to the question, IAF, Tab 10, Subtab 2Z at 1, and, on the second, he disclosed only one of the several incidents of his criminal history since 2002, IAF, Tab 10, Subtab 2Y at 1-2. Pursuant to OPM's instructions, DLA separated the appellant from service on June 18, 2013, during his probationary period. IAF, Tab 10, Subtab 2A.

¶4     The appellant filed a Board appeal and alleged, among other things, that OPM's suitability action was based on race discrimination. IAF, Tabs 1, 14. After a hearing, the administrative judge issued an initial decision sustaining only the first charge relating to the underlying criminal conduct. IAF, Tab 20, Initial Decision (ID) at 4-7. She did not sustain the second charge because she found that OPM failed to prove that the appellant's misstatements on the OF 306 forms were intentional. ID at 7-10. She also found that the appellant did not prove his claim of race discrimination. ID at 10-11. The administrative judge found that, considering all of the relevant factors, the first charge alone was insufficient to establish that the appellant was unsuitable for employment in the Distribution Worker position but that she was constrained under OPM's regulations to sustain the charge. She remanded the case for OPM to determine whether the suitability actions were appropriate based on the sole sustained charge. ID at 12-14; *see Doerr v. Office of Personnel Management*, 104 M.S.P.R. 196, ¶ 14 (2006) (if the Board sustains fewer than all the charges underlying an OPM suitability action, it

_____

[3] According to the appellant, he was required to complete two OF 306 forms for this job because there was an error with his original application. *See* Hearing Compact Disc (HCD) (testimony of the appellant).

must remand the case to OPM for a determination of whether the suitability action taken is appropriate based on the sustained charges); *see also* 5 C.F.R. § 731.501(b)(2).

¶5    The appellant has filed a petition for review in which he appears to request that the Board add further instructions to the administrative judge's remand order. Petition for Review (PFR) File, Tab 1 at 4, 8.  He also states that OPM has not yet complied with the order and that he is seeking to enforce it.[4]  *Id.* at 8.  OPM has filed a response.  PFR File, Tab 3.

<u>The appellant's request for enforcement is premature.</u>

¶6    To the extent that the appellant is seeking to enforce the administrative judge's order, we find that his request is premature.  A party may file a petition for enforcement only when the Board has issued a final order in a case.  *Flaherty v. U.S. Postal Service*, 68 M.S.P.R. 637, 638 (1995); 5 C.F.R. § 1201.182(a).  The initial decision in this case has not become final because the appellant filed a petition for review within the time limit specified in 5 C.F.R. § 1201.114(e).  ID at 14; PFR File, Tab 1; *see* 5 C.F.R. § 1201.113(a).  Moreover, OPM's regulations provide that a remanded suitability case will be held in abeyance until the appellant has exhausted all rights to seek review.  5 C.F.R. § 731.501(b)(2).

<u>The passage of time does not preclude OPM from considering any prior criminal conduct in its suitability determination.</u>

¶7    The appellant alleges that OPM told him that it would only consider his criminal history from the past 7 years—not the entire 18 years of criminal history underlying charge 1.  PFR File, Tab 1 at 4, 8; IAF, Tab 10, Subtab 2C at 5-6.  It appears that the appellant is requesting that OPM on remand be ordered to limit its consideration to that time frame.

---

[4]  The appellant does not challenge the administrative judge's findings on his discrimination claim, and we see no basis to disturb those well-reasoned findings.  ID at 10-11; *see* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely-filed petition or cross petition for review).

¶8        We are aware of no law, rule, or regulation constraining OPM's review of the appellant's criminal history to any particular time period, and he has identified none.  The length of time that has passed since the criminal conduct occurred is one factor that OPM must consider in making its suitability determination.  5 C.F.R. § 731.202(c)(4).  However, we are unaware of any basis for the Board to order OPM to exclude the more distant conduct from its consideration altogether.  Nor do we find that the appellant has been harmed by any incorrect advice that he may have received from OPM because there was no detrimental reliance on that advice, at least concerning the only sustained charge.

OPM established a nexus between the appellant's criminal history and the integrity or the efficiency of the service.

¶9        In her initial decision, the administrative judge found that OPM failed to consider all of the appropriate factors in making its suitability determination.  ID at 13-14.  She also found that the evidence showed that the appellant "would be suitable for employment with the DLA in the Distribution Worker position."  ID at 13.  The appellant cites to these findings on petition for review, PFR File, Tab 1 at 8.  We do not agree with the administrative judge that the appellant is suitable for employment.

¶10       We also disagree with the administrative judge that she was constrained by the scope of the Board's jurisdiction to uphold OPM's suitability determination.  ID at 13.  Specifically, in *Folio v. Department of Homeland Security*, 402 F.3d 1350, 1356 (Fed. Cir. 2005), the court found that pursuant to 5 C.F.R. § 731.501, the Board has jurisdiction to review all aspects of a suitability determination, "including whether the charged conduct renders an individual unsuitable for the position in question."  The Board is precluded only from determining the action taken for the sustained charges, which is left to OPM.  *Id.*  In other words, the Board's role is to determine whether OPM has proved its charges and whether OPM has established a nexus between any sustained charge and the integrity or efficiency of the service.  *Id.* at 1354-55; *Doerr*, 104 M.S.P.R. 196, ¶ 8; *Ferguson*

*v. Office of Personnel Management*, [100 M.S.P.R. 347](), ¶ 7 (2005). The administrative judge therefore erred in failing to make an explicit determination regarding nexus.

¶11    In any event, we find that OPM proved nexus in this case. It is undisputed that the appellant has a history of criminal conduct, which constitutes a basis for taking a suitability action under [5 C.F.R. § 731.202](b)(2). IAF, Tab 10, Subtab 2C at 5-8. In determining whether the appellant's criminal conduct has a nexus to the integrity or the efficiency of the service, the Board will consider the following factors to the extent that they are applicable:

> (1) The nature of the position . . . in which the person is employed;
>
> (2) The nature and seriousness of the conduct;
>
> (3) The circumstances surrounding the conduct;
>
> (4) The recency of the conduct;
>
> (5) The age of the person involved at the time of the conduct;
>
> (6) Contributing societal conditions; and
>
> (7) The absence or presence of rehabilitation or efforts toward rehabilitation.

[5 C.F.R. § 731.203](c); *see Ferguson*, [100 M.S.P.R. 347](), ¶ 9.

¶12    As for the nature of the appellant's position, the record shows that he was a nonsupervisory wage grade employee responsible for distributing material in support of combat operations. IAF, Tab 10, Subtab X; HCD (testimony of the appellant). Although this is an important job, we find that it is not particularly sensitive or high-profile; it is not a position of power, and it does not involve access to classified information or matters of public trust beyond those generally applicable to federal employment. *Cf. Social Security Administration v. Long*, [113 M.S.P.R. 190](), ¶¶ 40-46 (2010) (finding, in an original jurisdiction case, that a domestic violence incident constituted good cause to remove an administrative law judge from his position because that position was one of "prominence, whose incumbents usually engender great respect"), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011) (quoting *Social Security Administration v. Steverson*, [111 M.S.P.R. 649](), ¶ 20

(2009), *aff'd*, 383 F. App'x 939 (Fed. Cir. 2010)); *Honeycutt v. Department of Labor*, 22 M.S.P.R. 491, 494 (1984) (the appellant's off-duty arrest for first degree assault and public drunkenness bore a nexus to the efficiency of the service given the "uniquely sensitive and trustworthy nature of his duties" as a mine inspector), *aff'd*, 770 F.2d 181 (Fed. Cir. 1985) (Table); *Barnhill v. Department of Justice*, 10 M.S.P.R. 378, 381 (1982) (the appellant's off-duty obscene telephone calls and threats of violence to a woman bore a nexus to the efficiency of the service given his position as a Border Patrol Agent whose duties entailed the apprehension of female suspects).

¶13  As for the remaining factors, the appellant's criminal conduct occurred off-duty, and he claimed that it was largely related to a "bad relationship" that had since ended. IAF, Tab 10, Subtab 2C at 5-6, Subtab 2E at 9-10, 13-20; HCD (testimony of the appellant). Furthermore, according to the appellant, these incidents were generally the result of misunderstandings or even outright fabrications. IAF, Tab 10, Subtab 2E at 13-18; HCD (testimony of the appellant). Nevertheless, the appellant has not explained away his criminal history in its entirety, and, although these incidents do not touch directly on the appellant's job duties, the government does not countenance off-duty violence by its employees regardless of their positions. *See Beasley v. Department of Defense*, 52 M.S.P.R. 272, 273, 275 (1992) (finding, in a removal appeal of a WG-05 Packer, that an appellant's conviction for aggravated assault bore a nexus to the efficiency of the service because it caused apprehension among agency management for the safety of other agency employees). Further, we find that there remains a longstanding pattern of criminal and the nature of the convictions is serious. From 1994 to 2012, the appellant was convicted of, or pled nolo contedere to, ten different crimes including multiple instances of assault with bodily injury, an instance of making a terroristic threat, and two instances of disorderly conduct. IAF, Tab 10, Subtab 4N at 4-5. The appellant's most recent conviction for contempt in 2012, was only 1 and a half years prior to the suitability determination.

¶14    In light of the considerations above, we find that OPM has established a nexus between the appellant's criminal conduct and the integrity or the efficiency of the service. We REMAND this appeal to OPM under 5 C.F.R. § 731.501(b)(2), for OPM to determine whether the suitability action taken is appropriate based on the sole sustained charge.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.