# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KENNETH FRANCIS WEIRICH, III,<br>Appellant, | DOCKET NUMBER<br>AT-0731-15-0629-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: March 18, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mary V. Grant</u>, Columbia, South Carolina, for the appellant.

<u>Joyce Harris-Tounkara</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the suitability determination and associated actions of the Office of Personnel Management (OPM).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        Effective July 14, 2014, the Department of the Army (Army) appointed the appellant to a GS-4 Security Guard position.  Initial Appeal File (IAF), Tab 3, Subtab 2k at 8.  Effective August 24, 2014, he received an excepted-service appointment[2] to a GS-6 Police Officer position with the Department of Veterans Affairs (DVA).  IAF, Tab 3, Subtab 2o at 2.  In April 2015, OPM informed the appellant that information discovered during the course of a background investigation requested pursuant to his appointment with the Army raised a serious question as to his suitability for Federal employment.  IAF, Tab 3, Subtab 2e.  OPM alleged that he exhibited misconduct or negligence in employment when he:  (1) lied to his supervisor at a former employer, H.A. Sack Company (H.A. Sack), regarding the circumstances under which he sustained a knee injury; and (2) wrongfully appropriated unit funds to purchase fuel for his private vehicle while on active duty in the Department of the Air Force (Air

---

[2] It appears that the appellant received a Veterans Recruitment Appointment, which was subject to successful completion of a 2-year trial period, after which he would be noncompetitively converted to a career-conditional appointment.  IAF, Tab 3, Subtab 2d at 18, Subtab 2o at 2.

Force).  *Id.* at 4.  OPM also alleged that he falsified Optional Form (OF) 306 (Declaration for Federal Employment) on three occasions in connection with his July 2014 Army appointment.  *Id.* at 5-6.  In particular, he denied having been fired from any job in the past 5 years, although he was terminated from his position at H.A. Sack in April 2014 because of the lying incident cited above.  *Id.* OPM also stated that he provided false information regarding the reason for his termination from H.A. Sack on two additional OF-306s, as well as on a Standard Form (SF) 85p (Questionnaire for Public Trust Positions) and during a personal background interview.  *Id.* at 5-6.

¶3    After considering the appellant's response, OPM issued a decision finding him unsuitable for Federal employment based on two charges of misconduct that included the aforementioned issues.  IAF, Tab 3, Subtab 2c.  OPM directed DVA to separate the appellant from Federal service within 5 business days of receiving OPM's decision.  *Id.* at 1, 15.  OPM also cancelled any eligibilities the appellant may have had for appointment or reinstatement, and debarred him from competition for, or appointment to, any covered position until June 12, 2018.  *Id.* at 1.  The appellant filed a Board appeal regarding OPM's decision and requested a hearing.  IAF, Tab 1.

¶4    After holding a telephonic hearing, the administrative judge issued an initial decision sustaining both charges.  IAF, Tab 9, Initial Decision (ID).[3]  He found that OPM proved by preponderant evidence that the appellant exhibited misconduct or negligence in employment as to his actions while on active duty in the Air Force, but not as to his employment with H.A. Sack.  ID at 4-7.  He also found that the appellant intentionally falsified three OF-306s as alleged.[4]  ID

---

[3] The appellant consented to a telephonic hearing.  October 2, 2015 Hearing Compact Disc; ID at 1 n.1

[4] The administrative judge made no specific findings as to OPM's allegations that the appellant provided false information regarding the reason for his termination from H.A. Sack on two additional OF-306s, as well as on an SF-85p and during a personal background interview.  ID at 7-9.  We discern no harm because the other three instances

at 7-9. Further, he found that OPM proved by preponderant evidence that there was a nexus between the appellant's misconduct and the efficiency of the service, and that its negative suitability determination was reasonable. ID at 10-11. Accordingly, he sustained OPM's negative suitability determination and the associated actions. ID at 11.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that OPM should not have relied upon his misconduct while serving in the Air Force because: (1) he already was punished for the misconduct and OPM's reliance upon it effectively punishes him a second time, which constitutes "double jeopardy"; (2) he was never presented with any regulation or policy authorizing OPM to punish him again for the misconduct; and (3) he was never asked about the circumstances surrounding the misconduct and never denied it. *Id.* at 3. He states that, although he incorrectly indicated on various OF-306s that he had not been fired from a job in the past 5 years, this was merely an oversight and he had no intention of deceiving the Government. *Id.* He also argues that separating him from Federal service was unreasonable and that a lesser penalty would have sufficed. *Id.* at 3-4. The agency filed a response in opposition to the petition for review, to which the appellant did not reply. PFR File, Tab 3.

¶6 The appellant concedes that he engaged in misconduct while employed with the Air Force. PFR File, Tab 1 at 3; IAF, Tab 3, Subtab 2d at 4, Tab 6 at 2. Evidence in the record establishes that he was found to have misappropriated unit funds to purchase fuel for his private vehicle. IAF, Tab 3, Subtab 2j at 18-19. As a result, he was required to repay the funds he misappropriated and work extra duty, was subjected to a reduction in grade, was issued a reprimand, and was not

of falsification were sufficient to sustain the charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

recommended for reenlistment. *Id.* at 19, 21-22. Accordingly, we find that the administrative judge properly sustained this charge.

¶7 The appellant's arguments to the contrary are not persuasive. The appellant has cited no law, rule, or regulation in support of his argument that a suitability action cannot be based upon misconduct for which an employee has previously been disciplined. To the contrary, one of the factors that may be considered a basis for finding a person unsuitable for Federal employment and taking a suitability action is misconduct or negligence in employment. 5 C.F.R. § 731.202(b)(1); *see Special Counsel v. Malone*, 84 M.S.P.R. 342, ¶ 27 (1999) (explaining that the reasons for an individual's prior separation from Federal employment generally will be considered before he is hired for another Federal position, and a prior removal for cause or a resignation pending removal for cause generally will have the effect of debarring the removed individual from Federal service for at least a number of years). His claims that he was not asked to disclose his misconduct in the Air Force and never denied that misconduct are irrelevant because OPM has not alleged that he improperly withheld or misrepresented any facts surrounding that issue.

¶8 To establish unsuitability based on a charge of falsification, OPM must prove by preponderant evidence that the information was incorrect and that the appellant knowingly provided incorrect information with the intention of defrauding. *Hawes v. Office of Personnel Management*, 122 M.S.P.R. 341, ¶ 21 (2015). On review, the appellant does not dispute that he submitted OF-306s on the dates alleged by OPM that inaccurately indicated that he had not been fired from a job in the past 5 years; however, he claims that he did not intentionally provide inaccurate information. PFR File, Tab 1 at 3. Like the administrative judge, we find this claim unpersuasive. Directly above the signature line, the OF-306 advises applicants and appointees to carefully review the form and ensure its accuracy. IAF, Tab 3, Subtab 2k at 3. Appointees are further advised to make any changes necessary to ensure that the form remains accurate as of the date it is

signed. *Id.* As the administrative judge noted, the appellant was terminated from H.A. Sack just 1 month before he first submitted an inaccurate OF-306 in May 2014, and his termination was still recent when he again attested to inaccurate information in both June and July 2014. ID at 9. We therefore find it implausible that the appellant inadvertently failed to review the accuracy of the forms he was submitting, on multiple occasions, particularly given that he had so recently experienced the significant event of termination. *See Devitto v. Office of Personnel Management*, 61 M.S.P.R. 297, 301-02 (1994) (refusing to credit the appellant's claim that his failure to disclose information on an employment form was an honest mistake, finding that explanation implausible). In any event, we also agree with the administrative judge that the appellant's alleged failure to review the accuracy of his employment forms evidences a reckless disregard for the truth from which the specific intent to make a false or fraudulent statement may be inferred. *See id.* at 302; ID at 9. Accordingly, we discern no basis to disturb the administrative judge's decision to sustain this charge.[5]

¶9      The appellant argues that the penalty of separation is excessive and that lesser penalties should have been considered. PFR File, Tab 1 at 3-4. At the time of the actions at issue in this appeal, a tenured Federal employee subjected to an OPM-directed removal as the result of a suitability determination had the right to appeal that action to the Board under 5 U.S.C. § 7513(d).[6] *Archuleta v.*

---

[5] The appellant notes that he disclosed his termination from H.A. Sack on his September 2014 SF-85p, IAF, Tab 3, Subtab 2u at 22-23, and during his October 2014 interview with a background investigator, IAF, Tab 3, Subtab 2s at 6, 13. PFR File, Tab 1 at 3. He argues that, logically, he would not have done so if he intended to conceal his termination. *Id.* We do not agree that this evidences a lack of intent to deceive. Notably, the appellant did not disclose his termination until after he already had been appointed to his positions with the Army and DVA. Further, it is well settled that the fact that an employee later corrects false information on an employment document does not absolve him from previous false statements. *Reed v. Office of Personnel Management*, 74 M.S.P.R. 616, 621 (1997).

[6] Pursuant to the National Defense Authorization Act for Fiscal Year 2016 (NDAA), Pub. L. No. 114-92, § 1086(h), 129 Stat. 726, 1010 (2015), subchapter II of chapter 75

*Hopper*, 786 F.3d 1340, 1347-51 (Fed. Cir. 2015); *Aguzie v. Office of Personnel Management*, 116 M.S.P.R. 64, ¶¶ 25-31 (2011). Under those circumstances, the Board was required to conduct an independent review of the penalty in light of the relevant *Douglas* factors, including reviewing those suitability actions that would not otherwise be appealable, i.e., debarment and cancellation of eligibilities. *Aguzie*, 116 M.S.P.R. 64, ¶¶ 33-34; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (listing those factors relevant to a determination of the appropriateness of the penalties). Here, however, the appellant did not allege that he was a tenured Federal employee.[7] IAF, Tab 1. Thus, we find that the administrative judge acted properly in not conducting an independent penalty analysis because the Board's jurisdiction under 5 C.F.R. § 731.501 does not extend to reviewing or modifying the ultimate action taken as a result of a suitability determination. *See Folio v. Department of Homeland Security*, 402 F.3d 1350, 1355-56 (Fed. Cir. 2005); 5 C.F.R. § 731.501(b)(3). Because we find that the administrative judge properly sustained OPM's charges, and that no independent penalty analysis was required, we affirm the initial decision.

---

does not apply to suitability actions taken by OPM under regulations prescribed by OPM, "subject to the rules prescribed by the President under [Title V] for the administration of the competitive service." We need not decide whether the NDAA applies retroactively in this appeal because, even if it does, the appellant has not alleged that he is an employee with chapter 75 appeal rights. IAF, Tab 1 at 1.

[7] Evidence in the record suggests that the appellant, who claimed on his initial appeal form to be preference eligible, does not satisfy the definition of an employee under 5 U.S.C. § 7511(a)(1)(B) because he had not completed 1 year of current continuous service in the same or similar positions prior to his termination. IAF, Tab 1 at 1. His excepted-service appointment with DVA became effective on August 24, 2014, and it appears that DVA terminated him no later than June 25, 2015, less than 1 year after appointing him. IAF, Tab 3, Subtab 2c at 15, Subtab 2o at 2. Assuming arguendo that his prior service with the Army should be applied or "tacked on," that appointment occurred on July 14, 2014, so that service still would not establish that he had completed 1 year of current continuous service by June 25, 2015. *See Greene v. Defense Intelligence Agency*, 100 M.S.P.R. 447, ¶ 12 (2005); IAF, Tab 3, Subtab 2k at 8.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.